**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

NATHAN D. MARBLEY                                                                                          PLAINTIFF
ADC #110466

V.                                              NO: 5:08CV00266 SWW/HDY

ROBERT SCOTT *et al.*                                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

1

>   hearing before the District Judge in the form of an offer of
>   proof, and a copy, or the original, of any documentary or
>   other non-testimonial evidence desired to be introduced at
>   the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983 on September 25, 2008. On October 14, 2009, Defendants Robert Scott, a physician, and Karen Holman, a nurse, filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #29-#31). Although Plaintiff has been ordered to respond, and been given additional time to do so (docket entry #32), he has not filed a response. Because Plaintiff cannot establish a claim of deliberate indifference to his medical needs, Defendants' motion should be granted, and Plaintiff's complaint should be dismissed.

## **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the

nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Plaintiff alleges in his complaint that Defendants were deliberately indifferent to his medical needs with respect to his illeostomy.[1]  According to Plaintiff, he was transferred to the Delta Regional Unit on October 15, 2007, and seen by Scott, who issued treatment orders for his illeostomy, which called for the wafer to be changed as needed, and the bag to be changed weekly as needed.  Plaintiff asserts that he received proper care until January 27, 2008, when unnamed staff members did not have the proper supplies to change the wafer and bag.  Then, on February 6, 2008, Scott changed his orders to call for changing the wafer and bag weekly.  Plaintiff contends that this led to skin irritation, and that Scott and Holman said nothing could be done.

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  To succeed with an inadequate medical care claim, a plaintiff must allege and

---

[1]An illeostomy is a surgical opening created as a bypass to expel waste from the body when there is an injury which prevents normal fecal function.  The waste is passed through the illeostomy site through a wafer which protects the skin from intestinal juices and fecal matter, and allows the waste to pass into a bag where it collects and is emptied as needed (docket entry #31).

prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

As Plaintiff alleges, on February 6, 2008, Scott did change his orders regarding changing of Plaintiff's illeostomy supplies to once per week.[2] This change was made after Scott investigated the medical standard of care for changing such equipment. Subsequently, Scott saw Plaintiff on March 18, 2009, for complaints of burning skin. Upon examination, Scott saw no evidence of burning, but did observe mild irritation, which Plaintiff compared to a mosquito bite (docket entry #29, exhibit C, page 27). On May 15, 2009, Scott ordered a consultation with an enterostomal therapist, who suggested that Plaintiff change to a different brand of illeostomy supplies, and change them every three days. Those suggestions were immediately implemented. There is noting in the record to suggest Plaintiff had any further problems.

The evidence demonstrates that Scott made a medical determination, based on accepted

---

[2]On January 27, 2008, there was a shipping error which caused a delay in Plaintiff's receipt of his medical supplies. Plaintiff concedes the error was out of the Defendants' control (docket entry #29, exhibit C, pages 17-18).

4

standards of care, that Plaintiff's illeostomy supplies should be changed once per week. This resulted in some continuing minor irritation, which caused Scott to send Plaintiff to a consultant, whose recommended changes were immediately implemented. Scott's actions do not demonstrate deliberate indifference, and he has provided an affidavit indicating that the treatment Plaintiff was provided was satisfactory (docket entry #29, exhibit A). *See Dulany v. Carnahan*, 132 F.3d at 1240 (in the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment). At most, Plaintiff can establish a two month delay from the time he initially complained of skin irritation until the consultation. When an inmate alleges that a delay in medical care constitutes a constitutional violation, he must allege, and eventually place in the record, verifying medical evidence establishing the detrimental effect of the delay. *Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997). Plaintiff has introduced no such evidence. Accordingly, Defendants' motion should be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #29) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   16   day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE